IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BINH Q. TRAN                                                                    PLAINTIFF

v.                          Civil No. 04-2162

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                                 DEFENDANT

**O R D E R**

Plaintiff Binh Q. Tran appealed the Commissioner's denial of benefits to this court. On June 20, 2005, judgment was entered reversing the decision of the Commissioner and remanding plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g).

On August 23, 2005, plaintiff moved for an award of attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (EAJA), requesting compensation for 23.8 hours of work before the court at an hourly rate of $138.00. Plaintiff's counsel sought $138.00 an hour based on an increase in the cost of living and attached a copy of the Consumer Price Index. On September 8, 2005, defendant filed a response stating she has no objection to the award of fees or the hourly rate requested.

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the

Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan,* 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour." *Id.* at 505. Plaintiff's counsel attached a summary of the Consumer Price Index as an exhibit to his motion for attorneys fees and, thus, has presented evidence of an increase in the cost of living. Therefore, his argument for increased attorney fees, based on a cost of living increase, has merit.

Accordingly, based upon a rise in the cost of living as substantiated by counsel, we find an appropriate rate to be $138.00 per hour. We further find that plaintiff's attorney is entitled to be compensated under EAJA for 23.8 hours, the number of hours of work he indicates he expended on this case at the district court level, for a total award of $3,284.40. This amount should be paid in addition to, and not out of, any past-due benefits which plaintiff may be awarded in the future.

IT IS SO ORDERED this 9th day of September 2005.


/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE